**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 15 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA ANGELICA ARRIAGA-HERNANDEZ <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   21-70977 <br><br> Agency No. A205-302-101 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2022[**]
Pasadena, California

Before:   FRIEDLAND and KOH, Circuit Judges, and KORMAN,[***] District Judge.

Maria Angelica Arriaga-Hernandez, a native and citizen of Guatemala,

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

appeals from the Board of Immigration Appeals' ("Board") decision affirming the denial of her application for asylum, withholding of removal under 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture ("CAT"). We deny Arriaga-Hernandez's petition.

In 2004, when Arriaga-Hernandez was still living in Guatemala, her partner Luis Alberto Osorio Gonzalez and his father were shot to death by armed men who ambushed them on the road. After Osorio Gonzalez's death, the children he had had with Arriaga-Hernandez inherited his house. Osorio Gonzalez's family ("the Osorio family") became upset that Arriaga-Hernandez was living in the house with the children and began to harass her. Osorio Gonzalez's mother forced herself into the house and stole Arriaga-Hernandez's belongings. After Osorio Gonzalez's mother was killed in 2007, Osorio Gonzalez's sister and his sister's husband harassed and threatened Arriaga-Hernandez for many years. In 2012, Arriaga-Hernandez finally left Guatemala and came to the United States.

Before the immigration judge, Arriaga-Hernandez argued two separate grounds for asylum and withholding of removal: (1) she had a well-founded fear that she would be persecuted by the armed men who killed her partner Osorio Gonzalez and his parents on account of her membership in the Osorio family; and (2) she had a well-founded fear that she would continue to be persecuted by Osorio Gonzalez's sister and his sister's husband. The Board rejected the first ground

2

because Arriaga-Hernandez had not shown that the murders of Osorio Gonzalez and his parents were directed against Arriaga-Hernandez. The Board rejected the second ground because Arriaga-Hernandez had not demonstrated that the harassment and threats she had experienced from the Osorio family were on account of her membership in her proposed social group of the Osorio family. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) ("An asylum or withholding applicant's burden includes [] demonstrating . . . a risk of persecution on account of his membership in [a] specified particular social group." (internal quotation marks omitted)). In her petition for review, Arriaga-Hernandez has not meaningfully challenged either of the Board's stated reasons for denying her asylum or withholding of removal.[1] We thus hold that Arriaga-Hernandez has forfeited any viable challenge to the Board's denial of asylum and withholding of removal. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

---

[1] Arriaga-Hernandez instead argues that she can establish a well-founded fear of future persecution based on the "pattern or practice" of harassment she faced from the Osorio family and the evidence she has provided "that Guatemala is experiencing a significant problem with crimes against women, domestic violence, rape and femicide." Neither of these arguments is responsive to the appropriate justification the Board gave for denying her claims for asylum and withholding of removal. To the extent these are new arguments made for the first time before this court, because Arriaga-Hernandez did not exhaust these arguments below, we lack jurisdiction to consider them. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The Board did not err in holding that Arriaga-Hernandez forfeited her CAT claim by not "meaningfully contest[ing] the Immigration Judge's denial of protection under the CAT." In her brief before the Board, Arriaga-Hernandez mentioned CAT only once—in the final sentence of her conclusion. As "[t]he Board [] has the authority to prescribe procedural rules that govern the proceedings before it," *Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019), the Board acted reasonably in holding Arriaga-Hernandez's CAT claim forfeited when she had "not advanced any arguments in support of [her] claim for relief," *Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008). Because Arriaga-Hernandez forfeited her challenge to the immigration judge's denial of CAT relief before the Board, we decline to entertain Arriaga-Hernandez's arguments in favor of CAT relief on this appeal. *See Honcharov*, 924 F.3d at 1297.

**PETITION FOR REVIEW DENIED.**